Hayley Ditter
In Pro Per
9750 Miramar Road, Suite 225
San Diego, CA 92126
Telephone: (858) 204-2193
Facsimile: (858) 292-0100
Emails: hayleyditter@gmail.com

Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYLEY DITTER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JEWISH COMMUNITY CAMP AND RETREAT CENTER, INC.<br>dba CAMP MOUNTAIN CHAI, and DOES 1-5, inclusive<br><br>　　　　Defendant. | Case No. '20CV1028 DMS WVG<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101, ET SEQ.; CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE § 12940, ET SEQ.; CIVIL RIGHTS ACT OF 1964. 42 U.S.C. § 2000 AND CALIFORNIA'S UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE § 17200, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**FILED** Jun 04 2020 — CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY s/ vanessac DEPUTY

## NATURE OF THIS ACTION

1.　Plaintiff Hayley Ditter brings this suit against Defendant Jewish Community Camp and Retreat Center, Inc. dba Camp Mountain Chai ("CMC"), and DOE Defendants (collectively, "Defendants"). This is an action for relief from Defendants' violations of the civil rights of Plaintiff Ditter. These violations, which are more particularly alleged herein, include discrimination, failure to reasonably

accommodate and failure to engage in the interactive process as required by the Americans with Disabilities Act of 1990 (ADA), California's Fair Employment and Housing Act (FEHA), and unlawful business practices in violation of California's Unfair Business Practices Act.

2. Plaintiff is an individual with a disability. Plaintiff applied for employment with Defendants and was qualified to perform her job duties with or without reasonable accommodation.

3. Plaintiff seeks declaratory and injunctive relief, compensatory, general, and punitive damages, reasonable attorneys' fees and costs, as well as other appropriate relief as determined by this court, for Defendants' violations of her rights.

## **JURISDICTION AND VENUE**

4. This court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331. This is an action arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

5. This court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's claims pursuant to the FEHA and the California Unfair Business Practices Act are related, as all of Plaintiff's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

6. The Southern District of California has personal jurisdiction over Defendants. Defendants are qualified with the California Secretary of State to do business and is doing business in California, and in this Southern District of California, and many of the acts complained of occurred in this State and District and gave rise to the claims alleged.

///

///

7. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this District. Among other things, Defendants transact business in this District, maintains their main office in this District and employed Plaintiff and others in this District. In addition, Defendants unlawfully discriminated against Plaintiff in the Southern District of California.

## PARTIES

8. Plaintiff Hayley Ditter is a person with a disability under Title I of the ADA and the FEHA. Plaintiff also has a record of disability within the meaning of state and federal disability nondiscrimination laws. Plaintiff is informed and believes, and thereon alleges, that Defendants were aware of her disability and regarded her as disabled within the meaning of state and federal disability nondiscrimination laws.

9. Plaintiff is an otherwise qualified person within the meaning of state and federal disability nondiscrimination laws, including the ADA and FEHA.

10. At all times relevant to this complaint, Defendant Jewish Community Camp and Retreat Center, Inc. has had at least 15 employees. Defendant is a covered entity or employer within the meaning of Title I of the ADA and FEHA.

11. Defendants DOES 1-5, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by such Defendants.

12. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, and/or joint venture of the remaining Defendants and was

acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to the remaining Defendants. Each of the Defendants is jointly and severally liable to Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. In April 2019, Plaintiff Ditter filed a Charge of Discrimination with the California Department of Fair Employment and Housing ("DFEH"). The charge was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC").

14. Upon Plaintiff's request, the EEOC issued a Right-to-Sue on or around March 4, 2020 which was received several days later. This action was filed within 90 days of Plaintiff Ditter's receipt of her EEOC Right-to-Sue letter.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Plaintiff Ditter was a camper at Camp Mountain Chai from 2012 to 2016. Camp Mountain Chai was aware that Plaintiff Ditter was a camper with a disability because the information was fully disclosed on her camper applications each year. As a camper, Plaintiff was required to surrender all medications to the camp nurse and list all treating physicians and diagnosis.

16. In the Summer 2018, Plaintiff successfully applied for and completed a Staff in Training ("SIT") program with Camp Mountain Chai. Again, Plaintiff was required to disclose her disability diagnosis in the SIT program application.

17. The SIT Program was a five (5) week training program designed to teach the oldest campers the skills they need to become future staff. Although Plaintiff was technically a camper, she was also partially compensated for her services in providing programming for the younger campers at the end of the program. Camp Mountain Chai paid each of the SITs who successfully completed the training program $500 for their services.

///
///

18. Camp Mountain Chai literature states that upon successful completion of the SIT program a job applicant will receive priority hiring the following summer as a counselor.

19. Plaintiff Ditter was encouraged to apply to be a camp counselor with Camp Mountain Chai for the Summer of 2019. Her SIT Supervisor, Kianna Pitegoff, told Plaintiff she would make an excellent counselor and strongly urged her to apply the following year. Furthermore, CMC sent her at least four (4) emails reminding her to apply for the summer position between September 2018 to December 2018. She was also asked to work as a counselor for Camp Mountain Chai's weekend Winter Camp in December 2018. There were absolutely no concerns expressed to Plaintiff regarding her ability to work as a camp counselor.

20. Plaintiff Ditter applied for the summer staff position in early December 2018. She interviewed for the position in early January 2019 with Assistant Camp Director, Rachel Shyloski.

21. On January 18, 2019, Plaintiff received an email that she was being denied employment and would not be selected as a camp counselor for Summer 2019.

22. On or about January 22, 2019, Plaintiff and Ms. Shyloski had a telephone call to discuss why she was not selected for the counselor position. During that call, Ms. Shyloski raised a concern with Plaintiff's need for "downtime" when overstimulated. This was the first time concerns were ever raised regarding any issues with overstimulation.

23. Ms. Shyloski then spoke with Plaintiff's mother, Deborah Ditter. (It should be noted that Plaintiff was still a minor until May 2019.) While neither Plaintiff nor her mother contend that accommodations were necessary for her to fulfill the essential job duties of the camp counselor position, Deborah Ditter suggested possible reasonable accommodations for Camp Mountain Chai to consider. Deborah Ditter requested that Camp Mountain Chai reconsider its decision

to deny Plaintiff employment. Deborah Ditter then confirmed the conversation she had with Ms. Shyloski and reiterated the request for accommodations in an email dated January 23, 2019.

24. On February 4, 2019, Deborah Ditter had a follow-up telephone call with Ms. Shyloski and Mr. Dan Baer, the Camp Director. During that conversation, Mr. Baer raised an additional concern that Plaintiff had "a slower reaction time" than other applicants. He confirmed that Plaintiff was qualified for the position as counselor but stated that these concerns outweighed her training and qualifications. Mr. Baer denied Plaintiff employment and encouraged her to apply again the following summer. Mr. Baer was not willing to discuss any accommodations.

25. Plaintiff filed her DFEH Complaint on April 10, 2019, and Defendant filed an untimely Response around June 25, 2019. In response to Plaintiff's DFEH Complaint, the Defendants made numerous additional allegations against the Plaintiff. This was the first time any of these allegations or concerns were ever raised with the Plaintiff. Their reasons for not hiring Plaintiff kept changing and none of their reasons were consistent with her SIT evaluation and job performance.

## FIRST CLAIM FOR RELIEF

Disability Discrimination
Americans with Disabilities Act of 1990
42 U.S.C. § 12101, *et seq.*

26. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

27. The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement…other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

28. At all times relevant herein, Plaintiff was and is a qualified individual

1  with a disability and able to perform all the essential functions of the position sought,
2  with or without accommodation.

3  29.  In violation of Plaintiff's rights under the ADA, to be free from
4  disability-based discrimination in hiring, advancement and employment, Defendants
5  declined to hire Plaintiff Ditter for the counselor position because of her disability.

6  30.  As a direct and proximate result of these unlawful acts, Plaintiff has
7  suffered and continue to suffer lost wages, benefits, and other compensation, in an
8  amount to be proven at trial.

9  31.  As a further proximate result of these unlawful acts, Plaintiff has
10  suffered and continues to suffer injuries, including emotional injuries.

11  32.  Plaintiff is entitled to compensatory damages, lost wages and benefits,
12  declaratory and injunctive relief, attorneys' fees and costs, and other appropriate
13  relief as determined by this court.

14  33.  Defendants' unlawful actions were intentional, willful, malicious,
15  and/or done with reckless disregard to Plaintiff's rights. Accordingly, Plaintiff is
16  entitled to an award of punitive damages.

## SECOND CLAIM FOR RELIEF

Disability Discrimination
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940, *et seq.*

34.  Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

35.  It is unlawful under the FEHA for an employer to discriminate against a job applicant or employee based on the disability of that person. Cal. Gov't Code §§ 12926(i), 12940(a).

36.  In violation of Plaintiff's rights under the FEHA to be free from disability-based discrimination in hiring and employment, Defendants refused to hire Plaintiff Ditter because of her disability.

37. As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, benefits and other compensation, in an amount to be proven at trial.

38. As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injuries, including emotional injuries.

39. Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

40. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

### THIRD CLAIM FOR RELIEF
Failure to Accommodate
Americans with Disabilities Act of 1990
42 U.S.C. § 12101, *et seq.*

41. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

42. A potential employer must provide reasonable accommodation to its job applicants with disabilities and may be required to engage in an interactive process with an employee who needs reasonable accommodation. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.2(o)(3).

43. Plaintiff requested reasonable accommodation to address Defendant's alleged concern about "downtime." Defendants refused to entertain any discussion on accommodation with the Plaintiff. Plaintiff tried numerous times, in writing, to propose various possible reasonable accommodations to address any alleged concerns, but Defendants would not respond or engage in any kind of interactive process.

///

44. In failing to accommodate Plaintiff and in failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations, Defendants violated the ADA.

45. As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer in an amount to be proven at trial.

46. As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injuries, including emotional injuries.

47. Plaintiff is entitled to compensatory damages, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

48. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF
Failure to Accommodate
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940, *et seq.*

49. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

50. It is unlawful under the FEHA for an employer "to fail to make reasonable accommodations for a known physical or mental disability of an applicant or employee." Cal. Gov. Code § 12940(m); *see also* 12940(a)(1).

51. The hiring agents of Camp Mountain Chai were well aware of Plaintiff's disability due to her long history as a camper and SIT with CMC. As soon as the Defendants made it clear that they denied Plaintiff employment based on her disability, Plaintiff requested reasonable accommodation. Defendants failed to accommodate Plaintiff or to implement policies, procedures, and practices to ensure effective communication regarding said accommodations.

52. In failing to accommodate Plaintiff, Defendants violated California's FEHA.

53. As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer in an amount to be proven at trial.

54. As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injuries, including emotional injuries.

55. Plaintiff is entitled to compensatory damages, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

56. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

### FIFTH CLAIM FOR RELIEF
Failure to Engage in the Interactive Process
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940, *et seq.*

57. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

58. Under the FEHA, it is unlawful for an employer or other entity "to fail to engage in a timely, good faith, interactive process with the employee or applicant… to determine effective reasonable accommodations, if any, in response for a reasonable accommodation by an employee or applicant … with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(a), (n).

59. Defendants were aware of Plaintiff's disability and denied her employment based upon symptoms of her disability. Defendants refused to engage in discussion regarding accommodation and failed to engage in a timely, good faith,

1  interactive process with Plaintiff to determine effective reasonable accommodations as required by FEHA.

60. As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer in an amount to be proven at trial.

61. As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injuries, including emotional injuries.

62. Plaintiff is entitled to compensatory damages, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

63. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION
Unlawful Business Practices
California's Unfair Business Practices Act
Cal. Bus. & Prof. Code § 17200, *et seq.*

64. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

65. Unfair practices prohibited by California's Unfair Business Practices Act include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

66. Defendants committed unlawful and unfair business practices, including but not limited to the following: (1) failing to accommodate Plaintiff; (2) failing to engage in a timely, good faith, interactive process to determine effective reasonable accommodations for Plaintiff; (3) retaliating against Plaintiff Ditter for engaging in protected activities; and (4) refusing to hire Plaintiff Ditter because of her disability.

67. As a direct and proximate result of these unlawful acts, Plaintiff has

suffered and continue to suffer lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial.

68. As a further proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer injuries, including emotional injuries.

69. Plaintiff is entitled to restitution, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## **DECLARATORY RELIEF**

70. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

71. A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contends that Defendants violated her rights under the ADA, Civil Rights Act and the FEHA. Plaintiff is informed and believes, and thereon alleges, that Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

72. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## **INJUNCTIVE RELIEF**

73. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

74. Plaintiff seeks immediate employment as well as policy and procedural changes with regard to non-discrimination and the provision of reasonable accommodations.

75. No plain adequate, or complete, remedy at law is available to Plaintiff to redress the wrongs addressed herein.

76. If this court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

///
///

{00600551.DOC}

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant injunctive relief necessary, including immediate employment and policy and procedural changes, to bring Defendants into compliance with the ADA, the FEHA, Civil Rights Act and the Unfair Business Practices Act;

2. Grant such other injunctive relief as may be appropriate;

3. Order Defendants to pay Plaintiff for the wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of Defendants' violations of the law, in an amount to be proven at trial;

4. Order Defendants to pay Plaintiff compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5. Order Defendants to pay Plaintiff exemplary and punitive damages;

6. Order Defendants to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

7. Order Defendants to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

8. Grant such other and further relief as this court may deem proper and just.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: June 3, 2020                               Respectfully Submitted,


By: _____
HAYLEY DITTER, Plaintiff

{00600551.DOC}                    13
COMPLAINT

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS121807
Cashier ID: cdelgado
Transaction Date: 06/04/2020
Payer Name: Deborah L Ditter
------------------------------------
CIVIL FILING FEE
 For: Deborah L Ditter
 Case/Party: D-CAS-3-20-CV-001028-001
 Amount:         $400.00
------------------------------------
CHECK
 Check/Money Order Num: 5940
 Amt Tendered:  $400.00
------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```